TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAVID H. CHAO (Cal. Bar No. 273953)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4586
     Facsimile: (213) 894-0141
     E-mail:    david.chao@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:21-CR-00102-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT PARVIN NAZERI-JOUNEGHANI |
| v. | |
| PARVIN NAZERI-JOUNEGHANI, | Sentencing: November 18, 2021 at 3:00 p.m. |
| Defendant. | Location: Courtroom of the Hon. Fernando M. Olguin |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney David H. Chao, hereby files its sentencing position with respect to defendant Parvin Nazeri-Jouneghani.

//

//

//

This sentencing position is based upon the attached memorandum of points and authorities and exhibits, the Presentence Report and Recommendation Letter, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 9, 2021　　　　　Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　　　/s/
DAVID H. CHAO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On July 8, 2021, defendant Parvin Nazeri-Jouneghani ("defendant") pleaded guilty to the single-count information, which charged her with Theft of Government Property, in violation of 18 U.S.C. § 641, a Class A misdemeanor.  (Dkt. 3, 18.)

In the Presentence Report ("PSR"), the United States Probation Office determined that defendant's total offense level under the United States Sentencing Guidelines (the "Guidelines" or "USSG") is 10, her criminal history category is I, and the Guidelines sentencing range is 6 to 12 months' imprisonment.  (Dkt. 22.)  The government concurs with these calculations.

For the reasons set forth below, the government recommends a sentence of one year of probation, with six months served in the USPO's home detention program, and a $25 special assessment.  Based on USPO's assessment of defendant's economic circumstances, the government further recommends that the Court order defendant to make full and immediate payment of restitution in the amount of $64,512.93 and to pay a fine of $4,000.  (Dkt. 21.)

**II.  OFFENSE CONDUCT[1]**

Between September 2010 and September 2018, defendant's mother, M.J., received monthly Supplemental Security Income ("SSI") benefits from the Social Security Administration ("SSA") in amounts ranging between $600 to $670 per month.  Defendant served as her mother's representative payee and jointly controlled the bank account into which the SSI benefits were deposited.  As representative payee,

---

[1] Unless otherwise noted, all facts stated herein are established in the PSR (Dkt. 22) and Plea Agreement (Dkt. 3).

defendant was required to report truthfully M.J.'s circumstances to the SSA, including residency changes and travel outside the United States lasting more than a calendar month or 30 consecutive days.

However, as summarized below, defendant repeatedly made false representations and concealed material facts from the SSA concerning M.J.'s travel and residency outside the United States with the intent to fraudulently secure continued payment of SSI benefits.

- In August 2012, August 2015, August 2017, and July 2018, defendant signed and submitted annual representative payee reports to the SSA, in which she falsely reported that M.J. continued to live in Irvine, California and failed to report any change in address. In fact, as defendant then knew, M.J. had resided outside the United States for several consecutive months during each applicable reporting period.
- In September 2018, defendant signed and submitted a Redetermination Summary for Determination of Continuing Eligibility for SSI payments to the SSA, in which she falsely stated that M.J. had not been outside the United States for a calendar month or 30 consecutive days since July 1, 2016, when in fact, as defendant knew, M.J. had been outside the United States for several consecutive months during that period.

As a result of these false representations and omissions, the SSA continued to pay monthly SSI benefits. Defendant withdrew these funds and caused them to be withdrawn every month, despite knowing that M.J. was not entitled to the funds. In total, defendant

4

knowingly and willfully converted approximately $37,677.50 from the SSA.

In addition, during the same period and as part of the same course of conduct, the State of California paid for Medi-Cal benefits for M.J., to include Medicare Part B premiums and monthly capitation payments to her managed care providers. M.J.'s receipt of these Medi-Cal benefits derived from her purported eligibility for SSI benefits, because persons who are enrolled in SSI benefits are automatically enrolled in the Medi-Cal program. As a result, defendant's misconduct also caused an additional loss to the State of California in the approximate amount of $26,835.43.

**III. GUIDELINES CALCULATION**

The USPO calculated a total offense level of 10 based on the following calculation:

| | | |
|---|---|---|
| Base Offense Level | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss greater than $40,000 but less than $95,000 | 6 | U.S.S.G. § 2B1.1(b)(1)(D) |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1(a) |

(PSR ¶¶ 20-28.) These calculations are consistent with the parties' stipulations in the plea agreement. (Dkt. 3 ¶ 12.)

The USPO calculated a criminal history score of zero and a criminal history category of I. (PSR ¶ 33.) Based upon a total offense level of 10 and a criminal history category of I, the USPO calculated a Guidelines range of 6 to 12 months' imprisonment. (PSR ¶ 70.) As stipulated in the plea agreement, restitution in the total amount of $64,512.93 is due to the Social Security Administration and State of California. (Dkt. 3 ¶ 6; PSR ¶ 81.)

Where, as here, the applicable Guidelines range is in Zone B of the Sentencing Table, the minimum term may be satisfied by: (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment. U.S.S.G. § 5C1.1(c).

**IV.  THE GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on the factors set forth in 18 U.S.C. § 3553(a), the government recommends that defendant be sentenced to one year of probation, with six months served in the USPO's home detention program, and be ordered to pay a $25 special assessment, a fine of $4,000, and restitution in the amount of $64,512.93.

For eight years, defendant fraudulently misreported and concealed her mother's foreign travel and residency in order to continue receiving SSI benefits. As reflected in the multiple false documents she submitted to the SSA, defendant's conduct was not the product of any mistake or short-term lapse in judgment, but was a calculated and habitual behavior that defendant maintained for years. The nature and duration of defendant's conduct warrant a sentence consistent with the Guidelines.

In mitigation, defendant's history and characteristics, coupled with her early acceptance of responsibility, support a probationary sentence. Defendant is 60 years old and disabled, and this case

represents her first criminal conviction.  However, a term of home detention during probation is appropriate to ensure just punishment, promote respect for the law, and provide general deterrence.  Unlike many defendants who commit Social Security fraud by converting benefits from the account of a deceased relative, defendant's conduct was aggravated by the fact that she repeatedly made affirmative false statements to keep the benefits flowing.  The recommended sentence balances these concerns.

**V.   CONCLUSION**

For the foregoing reasons, the government recommends the Court sentence defendant to one year of probation, with six months in home detention, and order defendant to pay a mandatory special assessment of $25, a fine of $4,000, and restitution in the amounts of $37,677.50 and $26,835.43 to the SSA and State of California, respectively.  Based on her net worth, defendant has the ability to pay full restitution and the low-end fine immediately.  (PSR ¶ 66.)